IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18-CR-19 |
| vs. | |
| TYLER PALMER, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report in this case. There are no motions for departure or variance. The defendant has filed an objection (filing 36) to the PSR.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant does, however, object to the PSR's assessment of eight criminal history points for three previous convictions for possession of a controlled substance. Filing 36; *see* PSR at 11-12. According to the PSR, the amount of methamphetamine involved in those arrests were "merely user quantities," and as such, not relevant to the instant offense of possession with intent to distribute offense. PSR at 20. The defendant, on the other hand, claims that those offenses are relevant conduct. As such, the defendant claims his criminal history score should be reduced from category V to category IV. Filing 36 at 1.

But the defendant does *not* argue that the drugs he was previously convicted of possessing were intended for distribution. Filing 36.

Rather, the defendant argues that his prior use of drugs is related to his subsequent distribution because he sold methamphetamine to support his habit. Filing 36. In other words, as the Court understands the defendant's argument, he concedes that the user amounts he was convicted of possessing were intended for personal use. And the Eighth Circuit has clearly held that "in calculating the base offense level under U.S.S.G. § 2D1.1 for a conviction of possession with the intent to distribute . . . drug quantities intended for personal use must be excluded." *United States v. Fraser*, 243 F.3d 473, 475-76 (8th Cir. 2001).

Accordingly, the Court finds the defendant's argument—that "his prior use and convictions for possession of methamphetamine are entirely consistent and relevant" to his offense in this case, filing 36—is foreclosed by *Fraser*. So, the Court's tentative conclusion is that the defendant's objection should be overruled. And, the Court notes, there is a Rule 11(c)(1)(C) plea agreement in this case.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such

evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 18th day of December, 2018.

BY THE COURT:

John M. Gerrard
Chief United States District Judge