IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER PALMER,<br><br>Defendant. | 8:18-CR-19<br><br>MEMORANDUM AND ORDER |

The defendant has filed two motions seeking different forms of postconviction relief. The Court will deny those motions.

First, the defendant moves for an amended judgment recommending 12 months of residential reentry placement—six months in a halfway house and six months of home confinement—before his release from prison, currently projected for October 6, 2027. Filing 49.

The Court recognizes that the Bureau of Prisons may decide to transition a prisoner to a community correctional facility up to a year before the expiration of his term, *see* 18 U.S.C. § 3624(c)(1), and that one of the considerations for the Bureau of Prisons in making that decision is the non-binding recommendation of the Court regarding the appropriate type of correctional facility for the prisoner, *see* 18 U.S.C. § 3621(b)(4)(B). The Court also recognizes that some other district courts have issued orders making such recommendations. *See United States v. Sutherland*, No. 1:15-CR-41, 2018 WL 3085169, at *2 (D. Me. June 22, 2018) (collecting cases). The defendant suggests placement at a halfway house will serve him by providing him with a better opportunity to transition from prison to society at large. Filing 49 at 5.

The Court assumes, without deciding, its authority to make such a non-binding recommendation. The Court is not persuaded to make such a recommendation here. The Court did not do so at the time of sentencing over 5½ years ago, and has been presented with little to suggest that circumstances have changed since then. And at the time of sentencing, the Court was better informed about the defendant and his circumstances than the Bureau of Prisons, warranting a recommendation. But by the time that transitioning to community corrections will be relevant to this defendant, however, the Bureau of Prisons will be better-informed about the conditions of confinement that are most "appropriate and suitable" for the defendant. *See* 18 U.S.C. § 3621(b).

Second, the defendant has filed a motion for compassionate release (filing 50) along with briefing and materials in support. *See* filing 51; filing 52. 18 U.S.C. § 3582(c)(1)(A)(i) permits the Court to modify a term of imprisonment if the defendant—having exhausted his administrative remedies—shows "extraordinary and compelling reasons" warranting such a reduction. The Court must consider the 18 U.S.C. § 3553(a) factors, to the extent they are applicable, and reduction of the defendant's sentence must be consistent with U.S.S.G. § 1B1.13. § 3582(c)(1)(A).

The defendant's argument has two primary thrusts. The first is that because he was sentenced just before the COVID-19 pandemic, the time he has served has been materially different than might have been expected at sentencing. Filing 50 at 6-8. But the defendant's argument that the pandemic has made his incarceration harsher doesn't hold up: It broadly describes the experience of <u>all</u> federal prisoners, so even if it was "compelling," it's hardly "extraordinary." *See* § 3582(c)(1)(A).

The defendant's other primary argument, presented at length, is premised on allegedly awful prison conditions at FCI Leavenworth. Filing 50

at 8-16; *see* filing 52. But any complaint about prison conditions should be pursued under 28 U.S.C. § 2241 or 42 U.S.C. § 1983, not § 3582(c)(1)(A). As such, the proper venue to raise them is the district in which the defendant is confined, the U.S. District Court for the District of Kansas.[1] *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).

The Court has noted the defendant's evidence of rehabilitation and family support. *See* filing 51. But that by itself, while commendable, isn't enough in the absence of another circumstance warranting a sentence reduction. *See* § 1B1.13(d). Accordingly,

IT IS ORDERED:

1. The defendant's motion for judicial recommendation (filing 49) is denied.

2. The defendant's motion for compassionate release (filing 50) is denied.

Dated this 27th day of August, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[1] Robert J. Dole Courthouse, 500 State Ave, Kansas City, KS 66101.